IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEITH FRISTON**                                                                            **PETITIONER**

**V.**                                                                           **NO. 4:18-CV-207-DMB-JMV**

**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                                                     **RESPONDENT**

## ORDER

Before the Court is Keith Friston's petition for a writ of habeas corpus. Doc. #1. For the reasons explained below, the petition will be denied but a certificate of appealability will be granted.

**I**
**Procedural History**

On December 3, 2013, Keith Friston was indicted by a grand jury in the Circuit Court of Coahoma County, Mississippi, on one count of causing a death while driving under the influence and one count of leaving the scene of an accident resulting in death. Doc. #15-1 at PageID 291–92. On November 7, 2014, the State moved to amend the indictment to charge Friston as a habitual offender. *Id*. at PageID 295–97. The trial court, over Friston's objection, granted the motion to amend on November 10, 2014. *Id*. at PageID 298–99. Trial on the two counts began on November 12, 2014. *See* Doc. #20-1 at PageID 1082.

On the second day of trial, the State informed the trial court that Erin Barnhart, the deputy chief medical examiner who was set to testify as to the cause of death, had fallen ill with the flu and would be unable to testify. *Id*. at PageID 1169–70. The State sought a mistrial based on the representations that Barnhart was "extremely ill" and that it was "necessary that we get her here

to testify to the cause of death." *Id*. at PageID 1170–71. After Friston objected to the mistrial, the trial court held:

> Well, certainly cause of death is a necessary element to be proved by the State. And the pathologist is the witness that would be able to provide such evidence. It is unfortunate but I mean I don't see how I can require the State to go forward under these circumstances. Therefore the Court is going to declare a mistrial because of the unavailability of a necessary witness on behalf of the State and will continue this matter for a setting. I'll try to work with counsel to see if I can get this matter reset in an expeditious manner, expedient manner. I'll try to get it reset as quickly as I can.

*Id*. at 1170.

On April 20, 2015, at a subsequent trial, Friston was convicted on one count of causing a death while driving under the influence and one count of leaving the scene of an accident resulting in death. Doc. #15-5 at PageID 794–99. He was sentenced to twenty-five years as a career offender for the driving under the influence conviction and twenty years for the leaving the scene of the accident conviction, with the sentences to run concurrently. *Id*.

Friston appealed his conviction on three grounds: (1) the trial court erred in granting the mistrial and, therefore, his conviction was a violation of his right to be free from double jeopardy; (2) he was denied the opportunity to establish a defense when the trial court prevented him from calling a witness; and (3) the trial court improperly amended the indictment when it provided an improper instruction on negligence. *Id.* at PageID 763. The Mississippi Court of Appeals affirmed the conviction on August 8, 2017. *Friston v. State*, 243 So. 3d 198 (Miss. Ct. App. 2017). The Mississippi Court of Appeals also denied rehearing. Doc. #15-6 at PageID 834. The Mississippi Supreme Court denied a writ of certiorari on May 24, 2018. *Friston v. State*, 246 So. 3d 71 (Miss. 2018).

On or about December 7, 2015, Friston sought post-conviction relief on four grounds: (1) his counsel had a conflict of interest; (2) his conviction violated his rights against double jeopardy

2

and self-incrimination; (3) he did not get a "fair case" because his case was in Clarksdale, Mississippi; and (4) witnesses lied during his trial. Doc. #15-6 at PageID 910–14.

While his petition for post-conviction relief was pending with the Mississippi Supreme Court, Friston, acting pro se, filed in the United States District Court for the Northern District of Mississippi a petition for a writ of habeas corpus. Doc. #1. The petition asserts a single ground of error, labeled only "Double Jeopardy Court Error." *Id*. at 5. Following the Mississippi Supreme Court's denial of Friston's petition for post-conviction relief on January 10, 2019, Doc. #14-2, the respondent responded to the petition on March 14, 2019.[1] Doc. #14. Friston filed what appears to be a traverse and accompanying exhibits on or about April 29, 2019. Doc. #18.

## II
## Habeas Standard of Review

Except in those rare instances when exhaustion of state remedies is excused, 28 U.S.C. § 2254 "does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012).

To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id*. (internal quotation marks omitted). The phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [Supreme] Court[] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Necessarily, "circuit precedent does not constitute clearly established Federal law, as determined by the Supreme Court." *Kernan v. Cuero*, 138 S. Ct. 4, 9 (2017) (internal quotation marks omitted).

---

[1] The response was directed by United States Magistrate Judge Jane M. Virden. Doc. #11.

3

A decision is contrary to clearly established federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law;" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that Supreme Court decision." *Sprouse v. Stephens*, 748 F. 3d 609, 616 (5th Cir. 2014) (internal alterations omitted). The decision involves an unreasonable application of Supreme Court precedent if (1) "the state court unreasonably applies the correct governing legal rule to the facts of the particular case;" (2) "the state court unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply;" or (3) "the state court unreasonably refuses to extend that principle to a new context where it should apply." *Id*. (cleaned up).

### III
### Analysis

Beyond listing his brief in support of his direct appeal, his motion for rehearing, and his petition for post-conviction relief, Friston's petition contains no argument regarding his claim of "Double Jeopardy Court Error." Doc. #1 at 5. Friston's direct appeal and his motion for rehearing both argued that his conviction violated double jeopardy because the mistrial was not manifestly necessary. *See* Doc. #15-5 at PageID 763; Doc. #15-6 at PageID 835. His petition for post-conviction relief seems to argue that his double jeopardy rights were violated based on his conviction as a habitual offender. Doc. #15-6 at PageID 913.

#### A. Mistrial

In Friston's appeal, the Mississippi Court of Appeals found no double jeopardy violation because:

> "[T]he mere existence of alternatives does not bar a second trial." *Leslie v. State*, 171 So.3d 549, 552 (¶ 4) (Miss. Ct. App. 2015). The forensic pathologist who performed the autopsy was the proper witness to identify and authenticate the

4

> autopsy photographs, not the coroner. Moreover, there is no indication that the coroner was available to testify on such short notice or was even able to testify as to the cause of death. Additionally, there is no indication that a properly certified copy of the death certificate was available during trial.
>
> Taking into consideration all the circumstances, we find there was a manifest necessity for the mistrial. While cause of death is not an element of aggravated driving under the influence, the State must prove a causal connection between the car accident and the victim's death. Therefore, Dr. Barnhart's testimony was necessary to show that West died from blunt force trauma to the head and torso received in the car accident. Accordingly, the circuit court did not abuse its discretion in declaring a mistrial, and Friston's subsequent retrial did not violate his right against double jeopardy.

*Friston*, 243 So. 3d at 202 (paragraph numbering omitted).

The double jeopardy clause of the United States Constitution provides that "[n]o person shall … be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Under this amendment, "as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial." *Arizona v. Washington*, 434 U.S. 497, 505 (1978). If a mistrial has been granted over the objection of a defendant, the double jeopardy clause will bar a future trial unless the prosecutor demonstrated "manifest necessity" for the mistrial. *Id*. "[T]he key word 'necessity' cannot be interpreted literally; instead … there are degrees of necessity." *Id*. at 506.

While any mistrial will require a "high degree" of necessity, "[t]he question whether that 'high degree' has been reached is answered more easily in some kinds of cases than in others." *Id*. at 506–07. The basis for a mistrial impacts two considerations—the circumstances "which may warrant a mistrial" and the "amenability to appellate scrutiny." *Id*. at 510. Mistrials based on "the unavailability of critical prosecution evidence" or "when there is reason to believe that the prosecutor is using the superior resources of the State to harass or to achieve a tactical advantage over the accused" are viewed with "the strictest scrutiny." *Id*. at 508. A decision to declare a

mistrial based on a deadlocked jury requires the least scrutiny. *Id*. at 510. In all instances, the ultimate inquiry is whether "the trial judge exercised 'sound discretion' in declaring a mistrial." *Id*. at 514.

Of relevance here, when a mistrial is based on the unavailability of a government witness, the Fifth Circuit has held that "strictest scrutiny requires the government to show that the [trial] court carefully considered whether reasonable alternatives existed and that the court found none." *United States v. Fisher*, 624 F.3d 713, 722 (5th Cir. 2010). Under the Fifth Circuit's strict approach, which has been accepted by other circuits,[2] it seems clear here that the trial court's findings, which made no mention of reasonable alternatives, were insufficient to preserve jeopardy. The Mississippi Court of Appeals' decision affirming such a holding would, therefore, seem to be in error.

However, as noted above, habeas relief in a § 2254 proceeding is dependent on clearly established United States Supreme Court precedent, not circuit precedent. And while the "considerations" underlying the reasonable alternatives rule are "consistent" with Supreme Court precedent, *id.* at 721, no court has held that such a rule has been clearly established by a Supreme Court holding to render it applicable to a § 2254 case. Indeed, *Downum v. United States*, the only Supreme Court case to deal directly with the unavailability of a witness, made no mention of the existence of reasonable alternatives. 372 U.S. 734 (1963). In *Downum*, the Supreme Court declined to adopt a per se rule "that the absence of witnesses can never justify discontinuance of a trial." *Id.* at 737 (citing *Wade v. Hunter*, 336 U.S. 684, 691 (1949)) (internal quotation marks omitted). Rather, it held that "[e]ach case must turn on its facts." *Id*. From there, the Supreme Court focused exclusively on whether the state "impaneled the jury without first ascertaining

---

[2] *See Seay v. Cannon*, 927 F.3d 776, 784 (4th Cir. 2019) (collecting cases).

whether or not [its] witnesses were present." *Id*. Because the "[p]rosecution allowed the jury to be selected and sworn even though one of its key witnesses was absent and had not been found," the Supreme Court found no manifest necessity. *Id*. at 735, 738. In reaching this conclusion, the Supreme Court quoted as the "correct" view a case which observed that "as to the absence of witnesses for the prosecution, it does not appear by the minutes that such absence was first made known to the law officers of the government after the jury was sworn." *Id*. at 738 n.1.

Beyond the witness specific inquiry, the Fourth Circuit, "[f]rom the controlling Supreme Court precedent [has] gleaned the following factors relevant to the sound discretion inquiry":

> First, a reviewing court should look to whether a trial judge rationally could conclude that the grant of the mistrial was compelled by manifest necessity or whether the ends of public justice demanded that one be granted on the peculiar facts presented. In addition, a reviewing court may find relevant whether the trial judge acted precipitately or whether the trial judge expressed concern regarding the possible double jeopardy consequences of an erroneous declaration of a mistrial, heard extensive argument on the appropriateness of such a measure, and gave appropriate consideration to alternatives less drastic than granting a mistrial.

*Baum v. Rushton*, 572 F.3d 198, 209 (4th Cir. 2009).

Here, the Mississippi Court of Appeals noted that Barnhart became ill "during trial." *Friston*, 243 So. 3d at 201. Additionally, as quoted above, the appellate court properly framed the inquiry as one of manifest necessity and then considered the importance of the evidence and whether the record reflected the existence of reasonable alternatives. *Id*. at 202. Furthermore, while not mentioned by the Mississippi Court of Appeals, this Court notes that the trial court heard arguments on the propriety of a mistrial. Doc. #20-1 at PageID 1171. For all these reasons, this Court concludes that Friston has not shown that the Mississippi Court of Appeals' decision was contrary to or reflected an unreasonable application of clearly established law. *See Wilson v. Gusman*, No. 12-386, 2012 WL 893471, at *7 (E.D. La. Mar. 15, 2012) (denying habeas relief based on a finding of manifest necessity where "an essential witness, the victim, suffered an

unpredictable medical emergency that threatened her life and prevented her from testifying at trial for an indeterminable amount of time").

### B. Habitual Offender

Friston also argues that his double jeopardy rights were violated based on his conviction as a habitual offender. *See* Doc. #15-6 at PageID 913. However, the law is clear that Mississippi's habitual offender statute does not violate the double jeopardy clause. *Perkins v. Cabana*, 794 F.2d 168, 169–70 (5th Cir. 1986). Accordingly, this claim is without merit.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, it is beyond dispute that reasonable jurists would not disagree as to this Court's holding regarding Friston's double jeopardy challenge to his habitual offender enhancement. Accordingly, no certificate of appealability should issue on this challenge. However, given both the near-universal acceptance of the requirement that a trial court expressly find the absence of reasonable alternatives and *Fisher*'s recognition that this approach is "consistent" with Supreme

8

Court precedent, the Court finds that the disposition of Friston's double jeopardy challenge to his mistrial is debatable. A certificate of appealability should issue on this point.

## V
## Conclusion

Friston's petition for a writ of habeas corpus [1] is **DENIED**. A certificate of appealability is **GRANTED** with respect to his claim regarding the propriety of mistrial and **DENIED** in all other respects. A final judgment will issue separately.

**SO ORDERED**, this 28th day of May, 2021.

/s/Debra M Brown
**UNITED STATES DISTRICT JUDGE**